IN THE MATTER OF: THE BANKRUPTCY OF SPECTOR-RED BALL, INC., TRANSPORT INSURANCE COMPANY, SURETY

No. 8210IC878

(Filed 19 April 1983)

**Master and Servant § 78— workers' compensation—self-insurer's bond—ordering surety to settle claims**

Where a self-insured employer was ordered by a federal bankruptcy court not to pay workers' compensation claims in this state, the surety on the bond filed with the Industrial Commission by the employer was liable only for any default of the employer within the penal sum of the bond ($100,000), and the Industrial Commission erred in ordering the surety to bring to a conclusion all the workers' compensation claims outstanding against the employer.

APPEAL by respondent from order of North Carolina Industrial Commission entered 29 June 1982. Heard in the Court of Appeals 12 January 1983.

Spector-Red Ball is a self-insured employer under the Workers' Compensation Act. On 28 April 1982, it filed a reorganization petition in the Bankruptcy Court in San Antonio, Texas. Under the order of the bankruptcy court, Spector-Red Ball could not pay workers' compensation claims in this state. Spector-Red Ball had filed a bond with the Industrial Commission with Transport Insurance Company as surety. This bond provided in pertinent part:

"Spector Red Ball, Inc. . . . . as Principal, and Transport Insurance Company . . . as Surety, are held and firmly bound unto the State of North Carolina in the full and just sum of $100,000.00 . . . to be paid to the said State of North Carolina, to the payment whereof we hereby bind ourselves and each of us . . . .

. . . .

. . . [I]t being understood that the Surety shall be liable, within the penal sum mentioned herein, for the default

of the Principal in fully discharging any liability on its part accruing during the life of this obligation."

The Industrial Commission on 29 June 1982 ordered Transport Insurance Company to "proceed to bring to a conclusion all of the claims outstanding against Spector-Red Ball, Inc. . . . . Each claimant will then be paid his proportionate share of the funds now held by Transport Insurance Company." Transport Insurance Company appealed.

*Pfefferkorn and Cooley, by Robert M. Elliot, for Joseph Moore, workers' compensation claimant against Spector-Red Ball, Inc.*

*Attorney General Edmisten, by Assistant Attorneys General Sandra M. King and Ralf F. Haskell, for amicus curiae.*

*Bell, Davis and Pitt, by Walter W. Pitt, Jr. and Joseph T. Carruthers, for respondent appellant Transport Insurance Company.*

WEBB, Judge.

This appeal raises the question of the extent of the obligation of Transport Insurance Company as surety on the bond filed by Spector-Red Ball, Inc. with the Industrial Commission. Transport bound itself to be liable for any default of Spector-Red Ball within the penal sum, which is $100,000.00. Transport's liability is thus limited to $100,000.00. It was error for the Industrial Commission to order Transport to bring all claims to a conclusion in addition to paying $100,000.00 on the claims. We believe that Transport by becoming surety on the bond obligated itself only to pay money in the event Spector-Red Ball defaulted. Under the terms of the bond, Spector-Red Ball agreed to perform the acts required by the Workers' Compensation Act and Transport agreed to pay money if Spector-Red Ball did not so perform. All Transport can be required to do is pay up to $100,000.00 for the default of Spector-Red Ball.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges BECTON and PHILLIPS concur.